UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE APPLICATION OF DIGITECHNIC, | CASE NO. C07-414-JCC<br><br>ORDER |

This matter comes before the Court on the Motion to Quash Subpoena filed by Respondent Microsoft Corporation ("Microsoft") (Dkt. No. 7), Applicant Digitechnic's Opposition (Dkt. No. 20), and Microsoft's Reply (Dkt. No. 22). The Court, having carefully considered all of the papers submitted and determined that oral argument is not necessary, hereby finds and rules as follows.

**I.  FACTS**

The parties to this dispute have been litigating against each other since 1995 over alleged disparity in licencing practices employed by Microsoft. Digitechnic (a French computer manufacturer) unsuccessfully sought to secure certain licencing agreements with Microsoft in the mid-1990s for its software applications, which Digitechnic wished to pre-install on its computers for sale on the French market, while Microsoft allegedly entered into coveted and more favorable agreements with United States computer manufacturers. All of the relevant and protracted legal proceedings have taken place in

ORDER – 1

France.

In May of 1995, Digitechnic filed suit against Microsoft's French subsidiary (Microsoft France) in the Commercial Court of Evry alleging unfair competition. That complaint was dismissed in September of 1997. The decision was appealed to the Paris Court of Appeals, which upheld the dismissal in March of 2000. Digitechnic again appealed to the *Cour de cassation*, and that appeal too was dismissed in June of 2002.

A second related lawsuit began in May of 2005, wherein Digitechnic sued Microsoft Corporation in the Commercial Court of Bobigny, alleging disparity between licencing agreements that Microsoft had with Digitechnic and other computer manufacturers. In May of 2006, the Commercial Court of Bobigny awarded Digitechnic € 12,690,444, which Microsoft appealed to the Paris Court of Appeals in June of 2006. The Paris Court of Appeals proceedings are the equivalent of a trial *de novo*, and may include discovery and presentation of new evidence. Microsoft's appeal brief was due by October 13, 2006. Digitechnic's responsive brief was due February 26, 2007.

However, on February 21, 2007, Digitechnic filed the instant action—an *ex parte* Application for discovery proceedings pursuant to 28 U.S.C. § 1782. That same day, United States District Judge Martinez signed Digitechnic's proposed Order, granting Digitechnic's unilateral request to seek discovery in this Court. (Order (Dkt. No. 3).) This initial Order gave Digitechnic permission to serve a subpoena on Microsoft and gave Microsoft time to assert objections to that subpoena, about which the parties then would have time to confer. The Order also set forth a schedule for filing motions to compel and motions for relief from the subpoena. On March 20, 2007, after Microsoft had been appraised of the instant proceedings and moved to quash the subpoena, the case was reassigned to the undersigned and this Court granted Microsoft's motion for relief from the deadlines set forth in the original Order pending the outcome of the instant motion to quash. (Order (Dkt. No. 17).)

Based on this Court's *pro forma* granting of Digitechnic's *ex parte* Application to commence discovery proceedings in this Court on February 21, 2007 and prior to Microsoft's participation in the

ORDER – 2

instant proceedings, Digitechnic petitioned the Paris Court of Appeals on February 23, 2007 for an extension of its February 26, 2007 brief deadline, stating that Digitechnic's "attorneys just got the Washington State Court to order Microsoft to disclose . . . pertinent documents for an examination of the petitions and arguments of both parties in connection with the proceedings before the [French] court." (Opp'n, Garaud Decl. Ex. 3.)  Microsoft opposed this request in the French proceedings, pointing out the extremely late hour of the extension request as well as the fact that additional discovery was likely not needed because Digitechnic had prevailed below on the evidence already in the French record. (*Id.* Ex. 4.)  On March 1, 2007, Paris Court of Appeals Judge le Bail granted Digitechnic's request and extended its brief due date to May 31, 2007. (*Id.* Ex. 5.)  Digitechnic seeks to use the discovery sought in the instant proceedings in its French appeal brief now due on May 31, 2007.[1]

The subpoena Microsoft seeks to quash here requests production of the following documents: (1) "[a]ll documents that contain, constitute, reflect, evidence, or refer to the terms and conditions under which" Microsoft "made Pack Office Pro available to Dell France, Gateway France, or other OEMs in France between 1994 and 2000 . . . ."; (2) "[a]ll documents relating to the qualifications and conditions . . . relating to financial standing, technical qualifications, service, customer feedback, and protection of IP rights" that Microsoft "required from Dell France, Gateway France, or other OEMs in France between 1994 and 2000 in order to (a) accept to make available Pack Office Pro, and (b) make available Pack Office Pro at the OEM price"; (3) "[a]ll documents relating to competition" in various sub-market descriptions; (4) "[a]ll documents relating to the interoperability between MS Windows operating system

---

[1] Alongside the Paris Court of Appeals proceedings already described are two additional French proceedings involving Digitechnic wherein Microsoft is not a party.  First, in May of 1998, Digitechnic initiated a complaint against Microsoft in the French Competition Court, which investigates via a *Rapporteur*, who may request documents or information from anyone.  Microsoft answered questions in this proceeding.  In December of 2004, Digitechnic's complaint was dismissed.  Digitechnic appealed that decision to the Paris Court of Appeals as well, which reversed the dismissal in May of 2005 and remanded for further proceedings.  This action remains pending.  Second, Digitechnic filed for judicial reorganization in the Commercial Court of Bobigny.  This too remains unresolved.  These additional proceedings are only tangentially relevant to the instant discovery action.

ORDER – 3

and third-party PPA suites and individual PPAs (word-processing, spreadsheets, graphics presentations, email, database), for the period between 1994 and 2000 . . . ."; and (5) "[a]ll documents relating to the interoperability between each Office Application and competing third-party PPAs for the period between 1994 and 2000 . . . ." (Application (Dkt. No. 1) 16–18 (subpoena text).) Microsoft anticipates that searching for, retrieving, reviewing, and producing this vast swath of documents spanning a seven-year period that ended seven years ago would involve hundreds of thousands, "if not millions," of pages, would take at least three months to complete, and would cost hundreds of thousands of dollars. (Mot., Dawson Decl. ¶¶ 3–4.)

The question before the Court is whether Digitechnic should be permitted to pursue the foregoing discovery under the Federal Rules of Civil Procedure for use in the French appeal now pending before the Paris Court of Appeals. Microsoft seeks to have this Court quash the subpoena and deny Digitechnic this discovery path altogether.

**II.    ANALYSIS**

The federal statute Digitechnic invokes to obtain discovery from Microsoft in this jurisdiction for use before the Paris Court of Appeals is 28 U.S.C. § 1782, which provides in relevant part that a district court "*may* order" a person or entity to give testimony or statements or to produce documents or things "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a) (emphasis added). The Federal Rules of Civil Procedure generally govern discovery obtained under this statute. *Id.* The parties agree that the statute's basic requirements are met and that the United States Supreme Court's opinion in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), provides the proper analytical framework for determining whether § 1782(a) *should* be applied to allow the discovery sought here. They disagree, however, about the result of that analysis.

In *Intel*, the Supreme Court specifically held that the assistance to foreign proceedings allowed by § 1782 is discretionary, not mandatory. 542 U.S. at 255, 260–61. The Court reiterated this finding throughout the opinion: "a district court is not required to grant a § 1782(a) discovery application simply

ORDER – 4

because it has the authority to do so." *Id.* at 264.  The Court then went on to discuss the factors that a district court should consider when ruling on a § 1782(a) request, as follows:

> First, when the person from whom discovery is sought is a participant in the foreign proceeding (as Intel is here), the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. . . .  In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.
> Second, as the 1964 Senate Report suggests, a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance. . . .  Specifically, a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. . . .  Also, unduly intrusive or burdensome requests may be rejected or trimmed.

*Id.* at 264–65.  Thus, four general factors govern this analysis: (1) whether Microsoft is a participant in the foreign proceedings, (2) the nature of the Paris Court of Appeals and its receptivity to this Court's assistance in discovery, (3) whether Digitechnic's request is an attempt to circumvent French discovery restrictions or policies, and (4) whether the discovery sought from Microsoft is unduly intrusive or burdensome.  Moreover, "district courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts."  *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (internal quotations and citations omitted).

The first *Intel* factor suggests that because Microsoft is a participant in the French litigation, French discovery devices can adequately provide what Digitechnic seeks.  Digitechnic argues that French discovery is far less comprehensive than United States discovery and asserts that the French discovery rules go so far as to require identification of documents "by date, author, recipient and/or content." (Opp'n, Garaud Decl. ¶ 3.)  However, Digitechnic has not pointed to any such particular restrictions anywhere in the French New Code of Civil Procedure.  (*See id.* & Ex. 2.)  Moreover, Microsoft provides evidence of a quite general discovery order it obtained in another litigation under these same French

ORDER – 5

discovery rules. (Reply, Razavi Decl. & Ex. 1.) Accordingly, the Court is unconvinced that Digitechnic cannot obtain any of the discovery it seeks here via French discovery procedures. More importantly, Digitechnic has not even *tried* to obtain any of the discovery sought here by way of French discovery tools. On this point, Digitechnic emphasizes that there is no "exhaustion" requirement in § 1782. While this is correct, there is nevertheless no reason that this Court should overlook Digitechnic's failure to attempt any discovery measures in France in making the discretionary decision now before it. Further, even if French discovery is not as broad as discovery in the United States as a general matter, Digitechnic's assertion that it has not attempted to use any French procedures due to perceived futility is unavailing in light of its overstatement of French restrictions. Nor does Digitechnic attempt to explain why it waited until almost a year after Microsoft filed the relevant appeal and a mere five days before its French appeal brief was *due* to commence the instant discovery request. Accordingly, the Court finds that this factor favors quashing the subpoena.

      The second *Intel* factor considers the nature of the foreign tribunal and any attitude it has toward the help sought in this Court. Digitechnic repeatedly states that the Paris Court of Appeals judge "expressed great interest" in the possibility of Digitechnic being able to obtain discovery in the United States for use in the French proceedings. (Opp'n 1, 3, 8, 11.) However, Digitechnic fails to provide any actual evidence of this assertion, and Microsoft asserts to the contrary that no opinion on usefulness was expressed even though the judge extended Digitechnic's brief deadline. Moreover, when this Court examines just how Digitechnic framed the status of its § 1782 action in this Court to the French judge, Digitechnic's position is even less convincing. Specifically, as noted *supra*, on February 23, 2007, just two days after obtaining an *ex parte* Order allowing it to *serve a subpoena* and one day after that subpoena was served, Digitechnic represented to the Paris Court of Appeals that its "attorneys just got the Washington State Court to order Microsoft to disclose . . . pertinent documents for an examination of the petitions and arguments of both parties in connection with the proceedings before the [French] court." (Opp'n, Garaud Decl. Ex. 3.) Given that Microsoft had not yet had a chance to object to the

ORDER – 6

subpoena or actually participate in an adversarial determination of the *merits* of Digitechnic's subpoena and overall § 1782 application, as it does here for the first time, the foregoing characterization of the instant proceedings by Digitechnic can be described most charitably as creative, but more accurately as misleading.  Finally, the mere fact that the French brief deadline was extended does not convince this Court that the French judge is particularly interested or disinterested in the discovery Digitechnic seeks here.  This factor presents a toss-up at best, and likely tends in Microsoft's favor.

The third *Intel* factor requires assessment of whether Digitechnic's instant discovery application simply seeks to circumvent French discovery rules.  The Court has already noted that Digitechnic has not used any French discovery rules since it began litigating there in 1995.  The current eleventh-hour discovery application seeking discovery never sought in France certainly appears to be a circumvention attempt on Digitechnic's part.  Digitechnic claims that because French discovery rules do not allow what it seeks here (though it has not tried to obtain such discovery in France) this Court should allow discovery under the Federal Rules of Civil Procedure.  Simultaneously, Digitechnic asserts that it is not trying to circumvent French discovery restrictions.  The obvious contradiction herein suggests either that the discovery Digitechnic seeks here could have and should have been obtained much earlier in France (verifying that the first *Intel* factor swings in Microsoft's favor) or that the discovery sought here truly cannot be obtained in France and therefore that this Court should hesitate to order discovery at a late stage of French litigation when such discovery was not sought or is not available in that forum.

The fourth and final *Intel* factor relates to the burden imposed by the discovery request.  Microsoft's contention that the extremely broadly-worded and sweeping requests quoted *supra* will unduly burden Microsoft in terms of time, effort, and expense at this late stage of the French appeal process is far more convincing than Digitechnic's assertion that its requests are specific enough to merit compulsion by this Court.  The plain language of the requests reveal that they seek broad categories of documents for the period from 1994 to 2000—a time period that overlapped with the first five years of the litigation for which these documents are sought but now is seven years in the past.  While Microsoft's

ORDER – 7

cost and time estimates may not be perfect predictions, they are quite plausible given the wording of the subpoena. Moreover, as already noted *supra*, not a single discovery request was made until five days before Digitechnic's brief was due (and over four months after Microsoft's own brief due date) in litigation spanning over twelve years. Given Digitechnic's complete failure to justify the timing of this request, the Court finds little difficulty with the idea that the instant discovery proceedings will unduly burden Microsoft.

### III. CONCLUSION

For the foregoing reasons, Microsoft's motion to quash Digitechnic's subpoena is GRANTED and the subpoena is QUASHED in its entirety. Digitechnic's Application to seek discovery in this Court pursuant to § 1782(a) is DENIED. The Clerk is directed to CLOSE this case.

SO ORDERED this 8th day of May, 2007.

John C. Coughenour
United States District Judge

ORDER – 8